M. LAMADRID & Co., SUCCRS., Plaintiff and Appellant, v. GUILLERMO J. GUERRERO, Defendant and Appellee; JUAN G. GALLARDO ET AL., Interveners and Appellees.

No. 5463. Argued July 19, 1932.—Decided July 30, 1932.

*Pellón & Ayuso* for appellant.  *James R. Beverley, Attorney General,* and *Emilio de Aldrey, Deputy Attorney General,* for interveners and appellees.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

This is an appeal from an order issued by the District Court of San Juan on June 11, 1930, sustaining a motion filed by the special interveners herein, the Treasurer and the Auditor of Puerto Rico, to vacate an attachment levied in execution of a judgment by the marshal of the district court, at the instance of the plaintiff, M. Lamadrid & Co., Succrs., on funds in the hands of said Treasurer of Puerto Rico, consisting of a 10 per cent balance retained by the Commissioner of the Interior of Puerto Rico under a contract entered into between the latter and the defendant Guillermo J. Guerrero, for the construction of the public road connecting Vega Baja, Corozal, and Morovis.  The special interveners opposed the motion on the ground, among others, that the funds were not subject to garnishment, because they were in the custody of the Treasurer of Puerto Rico, and, further, because said sum was in the hands of the interveners as security for any

claim that might be made against the said defendant on account of work done, or materials furnished for the construction of the aforesaid road, or for damages to landowners. The district court vacated the attachment and the plaintiff took an appeal from that decision, assigning four errors which may be reduced to two.

By the first and fourth assignments it is claimed that the court erred in holding as valid the condition set forth in section 41 of the general conditions for the contracting of insular public works.

The appellant maintains that said section 41 should be declared void, inasmuch as it establishes a potestative condition, the fulfillment of which depends upon the will of one of the contracting parties, who may arbitrarily present to the Department of the Interior evidence regarding the satisfaction of all claims as provided in said section 41. We transcribe below the section whose validity has been attacked:

"*Final Acceptance; Contract Finally Discharged.*—The final acceptance of the work shall take place at the expiration of the term of guaranty and maintenance of the work by the contractor, as stipulated in the contract, which term in no case shall be less than four months.

"If the engineer in charge of the acceptance of the work certifies that he finds the same in good condition and executed in accordance with the specifications, the Bureau of Public Works shall declare it finally accepted, and upon the approval of the final liquidation by the Commissioner of the Interior, the contractor shall be released of his responsibilities under the contract, and his bond returned to him; *Provided, however,* that such a retention and cancellation shall not be effective until the contractor shall have presented satisfactory evidence of having satisfied all claims made during the progress of the work on account of work done or materials furnished, or for damages to the landowners."

The appellant cites section 1068 of the Civil Code, 1930 edition, according to which, if the fulfillment of the condition should depend exclusively on the debtor, the conditional obligation shall be void.

It is clearly evident that in this case Guerrero is not a debtor of the Insular Government. He is a contractor entitled to collect the funds retained by the Treasurer when he has fulfilled the conditions stipulated in the contract. Guerrero's right to receive said funds depends upon the fulfillment of those conditions. Said conditions, which were accepted by the contractor, in no way affect the validity of the contract.

By the second and third assignments it is maintained that the court erred in holding that the funds belonging to the contractor Guillermo J. Guerrero and owing to him by The People of Puerto Rico by virtue of the contract, are not subject to garnishment, and that it likewise erred in sustaining the motion of the interveners to vacate the attachment.

It is inferred from the text of the contract that the Commissioner of the Interior desired to provide some protection for the creditors of Guerrero on account of any materials that might be furnished for the construction of the road, or for labor, and for damages that might be caused to landowners. Strictly speaking, it can not be said that such funds belonged to the defendant Guerrero. They will be his property when he shows that he has paid all the claims mentioned in the contract. Meanwhile, the creditors are entitled to expect that said funds shall remain in the hands of the Insular Government for their own protection. The contractor is not entitled to demand payment of the said sum as long as he has not fulfilled the conditions by him accepted; and if Guerrero can not demand the payment of this sum, the plaintiff can not do so either, merely by reason of the fact that it has obtained a judgment against the defendant. The plaintiff can not acquire any rights which the defendant himself is precluded from exercising. On the other hand, from the transcript of the record sent up to this Court it does not appear that the plaintiff is one of the creditors holding claims against the contractor on account of work done or materials

furnished, or for damages to landowners. But even if such were the case, the plaintiff would have no right to garnish the funds retained by the Treasurer in order to enforce its credit to the prejudice of the other creditors. No creditor is entitled to such privilege. The lower court did not err in decreeing the nullity of the garnishment.

Now, these funds can not remain indefinitely in the hands of the Treasurer. Such is not the intention of the Government, as shown by the evidence introduced. The creditors of the contractor are entitled to partial or full satisfaction of their claims. Miguel Angel Montilla, an engineer of public works of the Department of the Interior, testified that the funds retained by the Treasurer total the sum of $2,391.81 and that the claims which had been filed amount to $6,000, more or less. The contractor delivered the work, which was accepted by the Department of the Interior. Gustavo A. Ramírez, Assistant Commissioner of the Interior, testified that in cases like the present one, the practice of the Department is to write to all the creditors suggesting their acceptance of a proportional distribution (*prorrateo*). If all of them agree, then the said proportional distribution is carried out.

The testimony of Ramírez reveals the attitude of the Government in these cases. Nevertheless, if the Commissioner of the Interior or the officer retaining such funds fails to take measures to settle this matter to the satisfaction of the interested parties, it is incumbent on the latter to take the initiative so as to obtain a satisfactory solution. That purpose might possibly be accomplished by means of a proceeding in equity, as for example a creditor's bill, which is a proceeding available to creditors in order to obtain satisfaction of their claims when the property of the debtor can not be attached or sold in execution.

The order appealed from must be affirmed.

Mr. Justice Wolf concurs in the affirmance of the order, but he is of the opinion that the case should be remanded to the lower court for further proceedings.

Mr. Justice Aldrey took no part in the decision of this case.

MR. JUSTICE WOLF, concurring.

As the Treasurer and the Auditor voluntarily appeared, the court acquired jurisdiction over them and at the instance of the plaintiff might have converted the suit into a creditors' bill or something of that nature and so possibly disposed of the funds in the Treasurer's hands without another special proceeding.